IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL TURNER and YVETTA TURNER, Husband and Wife, | )<br>)<br>) |
| Plaintiffs, | ) 8:09CV130<br>)<br>) |
| v. | )<br>) MEMORANDUM AND ORDER |
| WERNER ENTERPRISES, INC., a Nebraska Corporation, ABRIRAHMAN EGAL, and THADDEUS TOWNS, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on a motion to dismiss for improper venue pursuant to 28 U.S.C. §§ 1391 and 1406 filed by defendants Werner Enterprises, Inc. ("Werner") and Thaddeus Towns, Filing No. 11, and a motion to change venue (interdistrict transfer) under 28 U.S.C. § 1404 filed by the plaintiffs, Filing No. 14. This is an action for damages for injuries sustained as the result of a motor vehicle accident that occurred in Louisiana in May 2006. Plaintiffs allege that they were injured in a motor vehicle accident by defendant Abrirahman Egal, driving a truck owned by defendant Thaddeus Towns and employed by defendant Werner. Plaintiffs further allege that defendant Egal is a resident of Georgia, defendant Werner is a resident of Nebraska, and defendant Towns is resident of Louisiana. Jurisdiction is premised on diversity of citizenship. 28 U.S.C. § 1332.

The evidence presented to the court shows that the accident at issue occurred on May 10, 2006, in the Western District of Louisiana. Filing No. 16, Affidavit of Anthony L. Smith. The witnesses to the accident live in Louisiana and Texas. *Id.* Defendant Egal is

a transient and cannot be found. *Id.* He has not been served with process. *Id.* Plaintiffs were treated for their injuries in Louisiana and Texas. *Id.*

On January 28, 2008, plaintiffs filed an action in the United States District Court for the Western District of Texas, but that action was dismissed after plaintiffs failed to respond to a motion to dismiss for improper venue. Filing No. 13, Index of Evidence, Ex. A. Plaintiffs then filed suit in the United States District Court for the Northern District of Georgia and that action was similarly dismissed for improper venue. *Id.*, Ex. B, Order. The District Court in Georgia found that venue was proper in Louisiana, rejecting the plaintiffs' argument that venue in that state was improper because the action would be barred by Louisiana's statute of limitations. *Id.* at 3.

Both parties now seek a transfer to Louisiana District Court. Defendants contend, however, that 28 U.S.C. § 1406(a) governs the transfer, while plaintiffs contend that the transfer is governed by 1404(a).

When an action is filed where venue is improper, 28 U.S.C.A. § 1406(a) requires the district court to either dismiss the action, or to transfer the action to a district in which it could have been brought. 28 U.S.C.A. § 1406(a); *see Dubin v. United States,* 380 F.2d 813, 816 (5th Cir. 1967) (stating that § 1406 operates when there exists an obstacle—either incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits in the forum where originally brought). Transfer pursuant to 28 U.S.C.A. § 1406(a) is permitted when it is in "the interest of justice." 28 U.S.C.A. § 1406(a).

In contrast, 28 U.S.C. § 1404(a) permits transfer to a more convenient forum, even though venue is proper. *Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen*

2

*Gesellschaft, MBH*, 495 F.3d 582, 588 n.3 (8th Cir. 2007); *see also Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007) (noting that for the federal-court system, Congress has codified the doctrine of *forum non conveniens*, and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action). Thus, the question before the court is whether venue is proper in this jurisdiction.

In a diversity case, venue is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C.A. § 1391(a)(1)-(3). For purposes of venue, a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(d). The statute does not posit a single appropriate district for venue; venue may be proper in any of a number of districts, provided only that a substantial part of the events giving rise to the claim occurred there. *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (discussing 28 U.S.C. § 1391(a)(2)).

The importance of the distinction between the two provisions is that when an action is transferred for the convenience of the parties under Section 1404(a), the transferee forum is required to apply the choice of law principles of the transferor state. *Eggleton,* 495 F.3d at 585-86, 588 n.3; *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990); *see, e.g.*, *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (allowing the longer

statute of limitations of the transferor state to be applied in the transferee state). When transferred for improper venue under § 1406(a), however, the choice-of-law rules for the transferee court apply. *Eggleton*, 495 F.3d at 582.

Venue under subsection (1) of 28 U.S.C. § 1391 is not appropriate because all defendants do not reside in the same state. 28 U.S.C. § 1391(a)(1). Venue cannot be based on subsection (2) of the venue statute because no substantial part of the events or omissions giving rise to the claim occurred in this district, but occurred in Louisiana. 28 U.S.C. § 1391(a)(2). Further, subsection (3) does not apply because there is a district in which the action may otherwise be brought. 28 U.S.C. § 1391 (a)(3); *see Doctor's Assocs., Inc. v. Stuart,* 85 F.3d 975, 983 (2d Cir.1996) (noting the "fallback" provision of (a)(3) may be applied only when venue cannot be established under either (a)(1)or (a)(2) of the statute). With reference to where an action could have been brought, the "transferee court" must have proper subject matter jurisdiction, proper venue, and be able to exercise personal jurisdiction. *See Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001). The court finds that venue in this district is not proper and accordingly 28 U.S.C. § 1406(a) applies.

The decision whether to transfer or dismiss under 28 U.S.C. § 1406(a) is based on the "interests of justice." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Generally, a transfer pursuant to § 1406 to remove a procedural obstacle such as lack of personal jurisdiction is favored over dismissing an action because transfer facilitates the adjudication of a dispute on its merits. *See Lafferty v. St. Riel,* 495 F.3d 72, 79 (3rd Cir. 2007) (holding also that for the purpose of calculating the limitations period of the transferee forum, the

initial filing date in the transferor forum applies); *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).

In this case, both parties accede to the transfer. The court finds that the interests of justice will be satisfied by transferring, rather than dismissing, this action. The parties should be permitted to develop a record with respect to the claims and defenses presented in the case in an appropriate forum. Any equitable issues that may be asserted remain for consideration by the transferee court. Accordingly,

IT IS HEREBY ORDERED that:

1. Defendants' motion to transfer this action to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1406(a) is granted.

2. Plaintiffs' motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied as moot.

3. The Clerk of Court is directed to transfer this action to the United States District Court for the District of Louisiana.

DATED this 23rd day of July, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.