RECEIVED
IN ALEXANDRIA, LA
NOV - 9 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CARL TURNER AND YVETTA TURNER | : | DOCKET NO. 09-1500 |
| VS. | : | JUDGE TRIMBLE |
| WERNER ENTERPRISES, INC. OF NEBRASKA, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is "Defendants' Motion to Dismiss Under Rule 12(b)(6) for Failure to State Cause of Action" (doc. #29) wherein Werner Enterprises, Inc. and Thaddeus Towns (collectively referred to as "Defendants") seek to have the claims asserted against them dismissed with prejudice because the allegations contained in Plaintiffs' pleadings establish that as a matter of law, their claims are prescribed under Louisiana law. By Order dated October 16, 2009, the Court informed the parties that because evidence outside the pleadings had been submitted by Defendants to support their motion to dismiss, the Court would consider the motion as a motion for summary judgment. The Court ordered Plaintiffs to submit relevant summary judgment evidence to rebut Defendants' position that the claims asserted by Plaintiffs were prescribed. For the following reasons, the motion to dismiss will be granted.

## FACTUAL STATEMENT

The following allegations are made in Plaintiffs' complaint. This case involves a collision that occurred on May 10, 2006 in Calcasieu Parish, Louisiana. Plaintiffs, Carl and Yvetta Turner, husband and wife, were traveling west on I-10 when they were struck by a commercial vehicle driven

by defendant, Abrirahman Egal. Mr. Egal was a driver trainee who was being supervised by defendant, Thaddeus Towns, the owner of the vehicle. Mr. Towns was asleep in the vehicle when the accident occurred. At the time of the accident, Egal was employed by defendant, Werner Enterprises, Inc. As a result of the accident, Plaintiffs suffered serious physical and emotional injuries.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must

---

[1] Fed. R.Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson*, 477 U.S. at 249.

demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Defendants maintain that the claims made by Plaintiffs against them are prescribed under Louisiana law, or specifically, Louisiana Civil Code article 3492.[9] The accident occurred on May 10, 2006. On January 28, 2008, Plaintiffs filed their first Complaint in the United States District Court for the Western District of Texas, Austin Division.[10] In that court, Defendants filed a Rule12(b)(6) motion to dismiss on the basis of improper venue. Plaintiffs failed to oppose the motion and on March 12, 2008, the district court granted Defendants' motion and dismissed Plaintiffs' complaint without prejudice.

On March 13, 2008, Plaintiffs re-filed their complaint in the Western District of Texas, Austin Division. Plaintiffs then filed a Notice of Dismissal on April 2, 2008 and the Court ordered dismissal pursuant to said notice on April 7, 2008.

On April 22, 2008, Plaintiffs filed another complaint in the United States District Court for

---

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[8] *Anderson*, 477 U.S. at 249-50.

[9] Delictual actions are subject to a liberative prescription of one year which commence to run from the day the injury or damage is sustained.

[10] Plaintiffs are residents and citizens of Texas.

the Northern District of Georgia, Atlanta Division.[11] Defendants again moved for dismissal on the basis of improper venue, also asserting that the court lacked personal and subject matter jurisdiction. On February 11, 2009, the Georgia District Court dismissed Plaintiffs' Complaint based on improper venue.[12]

On April 10, 2009, Plaintiffs filed this action in the United States District Court for the District of Nebraska.[13] Defendants filed a motion to dismiss or transfer the case to the proper venue, Louisiana.[14] The Nebraska District Court concluded that Plaintiffs had filed their complaint in an improper venue. On July 23, 2009, the Court transferred the action to the Western District of Louisiana pursuant to 28 U.S.C.A. § 1406(a).[15]

When a case is transferred from one federal court to another pursuant to section 1406(a), the choice of law of the state of the transferee court is applied.[16] In *Ellis v. Great Southwestern Corp.*,[17] the court gave the following guidance:

> A transfer under § 1406(a) is based not on the inconvenience of the transferor forum but on the impropriety of that forum. If the State law of the forum in which the action was originally commenced is applied following a § 1406(a) transfer, the

---

[11] Defendant, Abrirahman Egal is allegedly a citizen of the State of Georgia. See ¶ 4 of Complaint.

[12] The Court concluded that "[s]ection 1391(a)(2) appears to put proper venue in Louisiana." Defendants' exhibit B, pp. 2-3.

[13] Defendant, Werner Enterprises, Inc. is domiciled in Nebraska.

[14] The accident occurred in Louisiana and defendant, Towns, is a citizen of Louisiana. Complaint, ¶¶ 4 and 6.

[15] Doc. #19.

[16] *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733 (8th Cir. 1997).

[17] 646 F.2d 1099 (5th Cir. 1981).

plaintiff could benefit from having brought the action in an impermissible forum. Plaintiffs would thereby be encouraged to file their actions in the federal district court where the state law was the most advantageous, regardless of whether that district court was a proper forum. Accordingly, . . . following a transfer under § 1406(a), the transferee district court should apply its own state law rather than the state law of the transferor district court.

Because the Nebraska court transferred this action to Louisiana pursuant to 28 U.S.C. § 1406(a), the conflict of law provisions of the State of Louisiana apply.[18] Louisiana Civil Code article 3549 provides that "[w]hen the substantive law of this state would be applicable to the merits of an action brought in this state, the prescription and preemption law of this state applies." When a case is transferred on the basis of improper venue, the transferee court generally applies the substantive law which it would have applied had the action been brought there in the first instance.[19] These substantive laws include that state's statute of limitations.[20]

Instead of submitting summary judgment evidence to rebut the prescription issue, Plaintiffs argue that the Nebraska court improperly transferred the case under 28 § 1406(a);[21] Plaintiffs maintain that the transfer should have been pursuant to 28 U.S.C. § 1404(a).[22] In other words,

---

[18] *Jackson v. West Telemarketing Corp. Outbound,* 245 F.3d 518, 523 (5th Cir. 2001).

[19] *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817 (1938).

[20] *Guaranty Trust Co. v. York,* 326 U.S. 99, 110, 65 S.Ct. 1464, 1489 (1945).

[21] 28 U.S.C. § 1406(a) provides the following:
    **(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

[22] 28 U.S.C. § 1404(a) provides the following:
    **(a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Plaintiffs seek a review by this Court of the Nebraska court's ruling. If the case had been transferred to us pursuant to § 1404(a) (solely for the convenience of the parties), this Court would apply the choice of law of the state of the Nebraska (transferor) court. However, because the case was transferred pursuant to § 1406(a) (improper venue), the law of the transferee court is applied.

Unfortunately, Plaintiffs have failed to provide this Court with statutory or case law that gives us the authority to review the grant of a transfer order of a judge in another circuit. Defendants cite *Posnanski v. Gibney, et al*,[23] wherein the Ninth Circuit held that an out-of-circuit appellate court could not review a transfer order of the transferor court specifically stating that;

> [w]e know of no principle in American law that permits a circuit court of appeals to review, as such, a transfer order issued by a district court in another circuit. Such transfer orders, as we now hold, are reviewable only in the circuit of the transferor district court.[24]

We are further persuaded by the basic rule provided in 15 WRIGHT & MILLER § 3855. "[I]f a transfer was made from a district court in one circuit to a district court in another, the court of appeals in the latter circuit cannot directly review the action of the first district court in ordering transfer."

It stands to reason that if the appellate court in this circuit cannot review a transfer order from another circuit, then neither can this Court. Thus, we will not review the Nebraska judge's order transferring this matter to this Court.

Pursuant to Louisiana Civil Code article 3492, "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is

---

[23] 421 F.3d 977 (9th Cir. 2005).

[24] See *American Fidelity Fire Insurance Co. v. United States District Court*, 538 F.2d 1371, 1376-77 (9th Cir. 1976).

6

sustained." The accident occurred on May 10, 2006; Plaintiffs filed their original suit on January 28, 2008. That complaint was dismissed. Plaintiffs' subsequent complaints in Texas and Georgia were also dismissed. Plaintiffs filed the instant complaint in Nebraska on April 10, 2009. There is no doubt that when the first complaint was filed on January 28, 2008, the claims were prescribed.

## CONCLUSION

For the reasons set forth above, the motion to dismiss, considered as a motion for summary judgment will be granted dismissing with prejudice the claims asserted by Plaintiffs, at Plaintiffs' costs.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of November, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE